Joshua Driskell (SBN 294616)
Primuth & Driskell, LLP
790 E. Colorado Blvd., Suite 790
Pasadena, CA 91101
(626) 683-7234

Attorney for Debtor Josefina Cervantes

FILED & ENTERED

MAR 17 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bakchell   DEPUTY CLERK

<u>NOT FOR PUBLICATION</u>

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re: | Case No. 2:16-bk-12110-RK |
| JOSEFINA CERVANTES, | **ORDER CONDITIONALLY GRANTING DEBTOR'S MOTION FOR RECONSIDERATION OF DISMISSAL ORDER AND REINSTATING CHAPTER 7 CASE** |
| Debtor. | |

Pending before the court is Debtor Josefina Cervantes' ("Debtor") motion to reconsider and vacate the dismissal order of and reinstate her Chapter 7 case for failure to timely file her case opening documents by the March 7, 2016 deadline ("Motion"). ECF 16. The court entered the dismissal order on March 11, 2016. ECF 13.

Having considered the Motion, the court determines that Debtor in her Motion has provided sufficient explanation to show that her failure to timely file her case opening documents was due to "excusable neglect" arising from computer issues and in mistakenly overlooking the filing of Form 1002-1 to warrant reconsideration of the dismissal of her bankruptcy case under Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 9024, which incorporates by reference Federal Rule of

Civil Procedure ("Civil Rule") 60(b)(1). Additionally, the court notes that Debtor filed her case opening documents by March 11, 2016. However, the Motion is procedurally defective, since the Motion is not supported by a declaration "under penalty of perjury" as required by Local Bankruptcy Rule 1017-2(c)(1).

Nevertheless, in considering the totality of the circumstances of Debtor's Motion and the explanation of her circumstances,

IT IS ORDERED as follows:

1. Debtor's Motion is GRANTED pursuant to Bankruptcy Rule 9024 and Local Bankruptcy Rules 1017-2(c)(1) and 9013-1(q), subject to the condition that Debtor remedies the procedural defect of her Motion not being made under a declaration under penalty of perjury as set forth in paragraph 5 below.

2. The order dismissing this bankruptcy case is hereby VACATED, and the case is reinstated as an active bankruptcy case.

3. The Chapter 7 trustee is ordered to be reappointed to administer Debtor's Chapter 7 case.

4. To remedy the procedural defect of the lack of a declaration under penalty of perjury, Debtor is ordered to file her declaration under penalty of perjury by March 31, 2016 as required by Local Bankruptcy Rule 1017-2(c)(1), or

//
//

otherwise, the court may reconsider and vacate this order and issue another order for dismissal.

**IT IS SO ORDERED.**

###

Date: March 17, 2016

_____
Robert Kwan
United States Bankruptcy Judge